ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 3 0 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| In re: § § Texas Hematology-Oncology Center, P.A., § § Debtor. § | | Case No. 08-34204-HDH-11 |

| | | |
|---|---|---|
| Texas Hematology-Oncology Center, P.A., § § Plaintiff, § § v. § § Patients' Comprehensive Cancer Center, L.P., § § Defendant. § | | Civil Action No. 3:09-CV-0354-G  Adversary No. 09-3038-HDH |

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT

A motion to withdraw the reference of the above entitled adversary proceeding was filed on February 23, 2009. The United States Bankruptcy Court conducted a status conference concerning the Motion to Withdraw the Reference on March 27, 2009, pursuant to 11 U.S.C. § 105(d). The bankruptcy court submits the following report to the United States District Court:

1. A response to the motion ☒ has ☐ has not been filed. The motion ☒ is ☐ is not opposed.

2. The adversary proceeding ☐ has ☒ has not been stayed pending a determination of the motion to withdraw the reference, pursuant to Federal Rule of Bankruptcy Procedure 5011. A motion to stay the adversary proceeding ☐ is ☒ is not pending.

Report and Recommendation to the District Court - Page 1

3. The adversary proceeding involves ☒ core matters, ☐ non-core matters, ☐ both core and non-core matters.

4. ☒ A jury trial has been requested. However, under applicable law, the Plaintiff has waived its right to a jury trial by appearing and filing a proof of claim requesting payment of the disputed amounts under the lease which are the subject of this adversary proceeding.

5. The bankruptcy court ☐ has ☒ has not entered a scheduling order. The parties are preparing an agreed scheduling order.

6. The matter is set for trial in this Court on June 1-2, 2009.

7. The bankruptcy court recommends that the district court deny the motion to withdraw the reference.

8. This proceeding was filed in state court to determine the amounts owing under a lease agreement between Plaintiff and Defendant. The state court lawsuit sought to either void or reform a lease agreement between the parties, and/or to obtain recovery of the payment of excess rents. Defendant filed counter-claims against Plaintiff and Dr. Dennis Birenbaum. The state court lawsuit was removed <u>by the Defendant</u> to the United States District Court, Hon. Barbara M. G. Lynn. In its removal papers, Defendant asserted that the lawsuit (now, the adversary proceeding) arose in, or was related to a case under title 11. Defendant also claimed that the adversary proceeding involved both core and non-core matters. Judge Lynn previously referred the proceeding to this court for recommendation in Civil Action No. 3:08-CV-2094. This court recommended that the non-core claims against Birenbaum be severed and sent back to state court, and that the core claims be referred to this court for trial. Judge Lynn adopted this court's recommendation. A copy of her order is attached.

9.    Defendant filed a claim in the bankruptcy case for payment of rent under the lease. Defendant also filed a motion to compel payment of rent in the bankruptcy case. The Plaintiff has filed a motion to assume the lease in question. All of these are core bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2). The Motion to Withdraw the Reference is essentially a rehash of the arguments made prior to Judge Lynn's order, and an attempt at a second bite at the apple. After Judge Lynn's order, the present adversary proceeding was opened for the severed claims and the bankruptcy court set this matter for trial. Several hearings have been held in this proceeding prior to the Defendant filing its motion to withdraw the reference. Also, Defendant sought a short continuance of the trial because trial counsel had his wedding scheduled, and this Court granted that continuance. After the bankruptcy court struck Defendant's jury demand and granted a motion by the Plaintiff for mediation, the Defendant filed the present motion and now argues that none of the matters in this proceeding are core and asks that the reference be withdrawn.

10.    This Court recently appointed a Trustee in the case. The Trustee is attempting to sell the Debtor's business operations. Issues pertaining to the lease will continue to arise during the next sixty days of this bankruptcy case. A determination of the amounts owed under the lease will affect the bankruptcy case.

Dated: 3-30-09

Respectfully submitted,

_____
United States Bankruptcy Judge

cc: Counsel

**Report and Recommendation to the District Court - Page 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Texas Hematology-Oncology, P.A., | § | |
| | § | |
| Plaintiff/Debtor, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-2094-M |
| | § | |
| Patients' Comprehensive Cancer Center, L.P., | § | |
| | § | |
| | § | |
| Defendant | § | |

### ORDER

Before the Court is the Report and Recommendation to the District Court [Docket Entry #6] by United States Bankruptcy Judge Harlin D. Hale. Having considered the Report, the Court finds that this case does in fact assert multiple claims that are integral to the underlying bankruptcy case filed by Plaintiff, and the Court hereby TRANSFERS this matter to United States Bankruptcy Judge Hale for disposition. The Court also hereby SEVERS from this matter any and all claims against Dennis Birenbaum, M.D., and dismisses these claims without prejudice to being reasserted in state court.

SO ORDERED this 21st day of January, 2009.

*[signature]*

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

Certified a true copy of an instrument
on file in my office on 1/22/2009
Clerk, U.S. District Court,
Northern District of Texas
By *[signature]* Shakira K. Todd Deputy

Case 3:09-cv-00354-G   Document 12   Filed 03/30/09   Page 5 of 5   PageID 172

BTXN 138 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ORIGINAL**

| | |
|---|---|
| In Re:<br>Texas Hematology–Oncology Center, P.A.<br>                          Debtor(s) | Case No.: 08-34204-hdh11<br>Chapter No.: 11 |
| Texas Hematology–Oncology, P.A.<br>                          Plaintiff(s)<br>vs.<br>Patients' Comprehensive Cancer Center, L.P.<br>                        Defendant(s) | Adversary No.: 09-03038-hdh<br>Civil Case No.: 3:09-CV-354-G |
| Texas Hematology–Oncology, P.A.<br>                          Plaintiff(s)<br>vs.<br>Patients' Comprehensive Cancer Center, L.P.<br>                        Defendant(s) | 
RECEIVED
MAR 3 0 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS |

## NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

- ☐ Two copies of the Motion to Withdraw Reference (USDC Civil Action No. – DNC Case)
  **NOTE**: A Status Conference has been set for at , in _ before U.S. Bankruptcy Judge _. The movant, respondents or other affected parties are required to attend the Status Conference.

- ☑ Two copies of: <u>Report and Recommendation to the District Court</u> .

**TO ALL ATTORNEYS:** F.R.C.P. 5011(a) A motion for withdrawal of a case or proceeding shall be heard by a district judge, [*implied*] that any responses or related papers be filed likewise.

DATED: 3/30/09

FOR THE COURT:
Tawana C. Marshall, Clerk of Court

by: /s/M. Mathews, Deputy Clerk

I hereby certify that the foregoing is a true copy of the original thereof now in my office this the 30th day of March 2009, Dallas, Texas
Tawana C. Marshall, Clerk
United States Bankruptcy Court
Northern District of Texas
By_____Deputy